UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08-CIV. 1045 (SCR)

MICHAEL PISANO,

          Plaintiff,

DECLARATION OF
MICHAEL A. CARRASCO

-against-

ALEX MANCONE, individually and in his capacity as Chief of Police of the Village of Brewster, New York, JOHN DEGNAN, individually, WILLIAM BANKS, individually, and the VILLAGE OF BREWSTER, New York,

          Defendants.

I, Michael A. Carrasco, respectfully submit, under penalty of perjury, and pursuant to 28 U.S.C. § 1746, as follows:

1.    I am associated with the law firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys for defendants John Degnan, William Banks and the Village of Brewster. I submit this declaration in support of the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following grounds:

    a)    Failure to state a cause of action.
    b)    No First Amendment Retaliation.
    c)    Qualified Immunity.

2.    Annexed herewith as Exhibit "A" is a copy of the complaint.

3.    For the reasons set forth in the accompanying memorandum of law, it is respectfully submitted that the complaint should be dismissed.

4839-2978-5346.1

Dated: New York, New York
April 30, 2008

                                      Respectfully submitted,

                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
      Michael A. Carrasco (MC-3015)
      Attorneys for defendants
      **John Degnan, William Banks and**
      **the Village of Brewster**
      199 Water Street, 25th Floor
      New York, New York 10038
      (212) 232-1300
      File No.: TBD/Pisano

# UNITED STATES DISTRICT COURT

_____ SOUTHERN _____ District of _____ NEW YORK _____

MICHAEL PISANO,

                Plaintiff,

   -against-

ALEX MANCONE, individually and in his capacity as Chief of Police of the Village of Brewster, New York, JOHN DEGNAN, individually, WILLIAM BANKS, individually, and the VILLAGE OF BREWSTER, New York,

**SUMMONS IN A CIVIL ACTION**

Case No.

# 08 CIV. 1045

## JUDGE ROBINSON

TO: (Name and Address of Defendant)

ALEX MANCONE, Chief of Police, 208 Main Street, Brewster, New York

JOHN DEGNAN, Mayor, 208 Main Street, Brewster, New York

WILLIAM BANKS, Trustee, 208 Main Street, Brewster, New York

VILLAGE OF BREWSTER, New York, 208 Main Street, Brewster, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**       FEB - 1 2008

| CLERK | DATE |
|---|---|
| BY DEPUTY CLERK _[signature]_ | |

RECEIVED
FEB 07 2008
VILLAGE OF BREWSTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL PISANO,

                         Plaintiff,        08 Civ. (  )

      -against-

ALEX MANCONE, individually and in
his capacity as Chief of Police of the
Village of Brewster, New York, JOHN        COMPLAINT
DEGNAN, individually, WILLIAM
BANKS, individually, and the                   **08 CIV. 1045**
VILLAGE OF BREWSTER, New York,

                     Defendants.    Jury Trial Demanded  **JUDGE ROBINSON**
-------------------------------------------------------x



      Plaintiff MICHAEL PISANO, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages proximately resulting from conduct, engaged in by Defendants while acting in concert under color of New York State law, violative of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICITON

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff MICHAEL PISANO is a citizen of the United States, a domiciliary of the State of New York, a resident of the Northern Counties, and a retired long-term member of the New York City Police Department. Commencing on December 6, 2006, he was hired as a "Patrol Sergeant" in the newly established Village of Brewster, New York, Police Department.

4. Defendant ALEX MANCONE (hereinafter "Mancone"), who is sued in his individual and official capacities, at all times relevant to this complaint was the Chief of Police of the Defendant Village.

5. Defendant VILLAGE OF BREWSTER, New York (hereinafter "Village") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Defendant JOHN DEGNAN (hereinafter "Degnan") is the Mayor and a Police Commissioner of the Village and Defendant WILLIAM BANKS (hereinafter "Banks") is an elected Trustee and a Police Commissioner of the Village. Both Degnan and Banks are sued only in their individual and personal capacities.

## THE FACTS

6. On March 15, 2007, Plaintiff met with Degnan and Banks at which time he in good faith non-disruptively expressed to them his fact-based concerns that:

    a. As a matter of law Mancone was not lawfully appointed Chief of Police because he had never held a full-time police officer job position, he had never taken a competitive civil service examination for the position of Chief of Police, and he had not been appointed as Chief of Police from a certified civil service eligible list,

b. By reason of his lack of a professional police background, from time to time Mancone issued patently unlawful orders to subordinate officers who in turn refused to obey them by reason of their illegality,

c. Mancone purposefully circumvented the twenty hour weekly limit that part-time Police Officers were permitted to work under New York State law by ordering subordinate officers to falsify time records as a result of which: i) officers on unpaid vacation leave were falsely recorded as having reported to work when they did not; ii) officers directed by Mancone to "cover" for the vacationing officers were ordered to work a standard twenty hour work week as well as an unrecorded additional twenty hours; iii) which unrecorded hours were used to pay the vacationing officers who were unlawfully receiving their regular paychecks despite their absence on unpaid vacation leave,

d. Police Officer Wayne Peiffer (who works for a private sector supplier that provides equipment and materiel to Mancone in connection with his privately run HVAC business) had attended but within a few days dropped out of the New York State Police Academy as a result of which he was unqualified and untrained to properly perform law enforcement functions - - but was given a gun, badge and identification card by Mancone and permitted to act as a trained Police Officer in public thereby putting the public health and safety at risk, and,

e. The Police Department, under the leadership of Mancone, Degnan and *inter alia* Banks had no departmental rules and/or policies a circumstance that both impaired departmental operations and the effective delivery of law enforcement and health related services to the community.

7. Degnan and Banks then disclosed to Mancone Plaintiff's concerns and each of these Defendants agreed, with a view towards covering up rather than taking remedial action regarding the issues raised by Plaintiff, to punitively terminate his employment in order to silence him.

8. In furtherance of Defendants' plan on April 17, 2007, Mancone issued to Plaintiff a letter of termination that stated in material respect:

> "By authority of the Village Board of Trustees of the Village of Brewster...under color of my authority as Chief of Police ...your position as probationary police officer is hereby terminated, effective immediately."

9. As a result of that termination Plaintiff applied for unemployment insurance which application was opposed by Defendants orally on the ground that Plaintiff had, in March of 2007, reported "negative information to the Mayor about the Police Department" and that that report resulted in his being terminated.

10. Out of concern that the Department of Labor might disclose to Plaintiff the substance of Defendants' factual, albeit false predicate for opposing the unemployment insurance application, Defendants re-hired Plaintiff effective June 3, 2007, as a "Police Officer".

11. Five days later the New York State Department of Labor, as memorialized in that Department's June 8, 2007, "Notice of Determination" disclosed to Plaintiff that his application was denied since:

> "You were discharged from employment at Brewster Police Department due to insubordination. It has been confirmed that

>you have presented negative information to the Mayor about the
>Police Department and you did not properly use the written
>chain of command. As a result of this you were dismissed for
>insubordination by the Cheif [sic.] of Police".

12. On July 8, 2007, Plaintiff was promoted to the rank of "Detective" by the Defendants as a result of which his salary increased.

13. For the same reasons set forth in paragraph "7", *supra*, four days later and by correspondence dated July 12, 2007, Mancone advised Plaintiff that he was again being terminated on the false pretext that:

>"The Village of Brewster Police Department is exceeding current
>budgetary constraints and forcing us to take action to prevent
>overruns from occurring.
>
>It is therefore necessary to terminate your employment immediately,
>effective July 12, 2007".

14. Thereafter and notwithstanding Defendants' claim of budgetary constraints, Defendants hired additional sworn members in the Police Department.

15. As a proximate result of Defendants' retaliatory conduct Plaintiff's has been caused to suffer: repeated retaliation for his exercise of his First Amendment rights; a prospective chilling of his exercise of those rights; pecuniary losses; public embarrassment; public humiliation; emotional upset; anxiety; irreparable impairment of his previously unblemished career in law enforcement; and he has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

17. Under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

   a. Awarding against Mancone, Degnan and Banks, individually, such punitive damages as the jury may impose,

   b. Awarding against all Defendants such compensatory damages as the jury may determine,

   c. Awarding against all Defendants costs and reasonable attorney's fees, and,

   d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       January 28, 2008

                                        LOVETT & GOULD, LLP
                                        By:_____
                                        Jonathan Lovett (4854)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401