UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08-CIV. 1045 (SCR)

MICHAEL PISANO,

                Plaintiff,

                -against-

ALEX MANCONE, individually and in his capacity as Chief of Police of the Village of Brewster, New York, JOHN DEGNAN, individually, WILLIAM BANKS, individually, and the VILLAGE OF BREWSTER, New York,

                Defendants.


## MEMORANDUM OF LAW SUBMITTED IN BEHALF OF DEFENDANTS JOHN DEGNAN, WILLIAM BANKS, AND THE VILLAGE OF BREWSTER IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
199 Water Street, 25th Floor, New York, New York 10038
(212) 232-1300
File Number: TBD/Pisano

Mark K. Anesh
Michael A. Carrasco
  *Of Counsel*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ -2-
STATEMENT OF FACTS ........................................................................................ -2-
    POINT I ............................................................ - 4 -

    Plaintiff fails to plead a *Monell* claim against the Village
    of Brewster ....................................................... - 4 -

    POINT II ........................................................... - 6 -

        Plaintiff fails to state a claim for First Amendment
        retaliation ..................................................... - 6 -

    POINT III .......................................................... - 9 -

        Mayor Degnan and Trustee Banks are entitled to
        Qualified Immunity ............................................. - 9 -

CONCLUSION ............................................................................................................. -12-

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baker v. McCollan*, 443 U.S. 137 (1979) .................................................................................. 4

*Baron v. Meloni*, 556 F. Supp. 796 (W.D.N.Y. 1983) ............................................................. 10

*Batista v. Rodriguez*, 702 F.2d 393 (2d Cir. 1983) ................................................................... 5

*Benvenisti v. City of New York*, 2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. 2006) ..................... 8

*Board of County Commissioners of Bryan County, Oklahoma v. Brown*,
    520 U.S. 397 (1997) ............................................................................................................... 5

*City of Canton v. Harris*, 489 U.S. 378 (1989) ......................................................................... 5

*Clinch v. McKenna*, 1999 U.S. App. LEXIS 10785 (2d Cir. 1999) .................................... 10, 11

*Conley v. Gibson*, 355 U.S. 41 (1957) ....................................................................................... 4

*Connick v. Myers.*, 461 U.S. 138 (1983) ................................................................................... 7

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ......................................................................... 6, 7, 8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .............................................................................. 9

*Healy v. City of N.Y. Department of Sanitation*, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y.
    2006) ...................................................................................................................................... 8

*Kelley v. Johnson*, 425 U.S. 238 (1976) .............................................................................. 10, 11

*Mills v. City of Evansville*, 452 F.3d 646 (7th Cir. 2006) ..................................................... 7, 8

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ............................................ 4, 5

*Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)) ................................................. 5

*Mulcahey v. Mulrenan*, 2008 U.S. Dist. LEXIS 665 (S.D.N.Y 2008) ...................................... 8

*Panse v. Eastwood*, 2007 U.S. Dist. LEXIS 55080 (S.D.N.Y. 2007) ....................................... 6

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ................................................................ 4

*Ruotolo v. City of New York*, 2006 U.S. Dist. LEXIS 49903 (S.D.N.Y. 2006) ......................... 8

*Skehan v. Village of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006) .................................................. 9, 10

*Skehan*, 465 F.3d at 107 ................................................................................................................. 9

*Washington v. Rockland County*, 373 F.3d 310 (2d Cir. 2004) ...................................................... 6

*Wesolowski v. Bockelman*, 506 F. Supp. 2d 118 (S.D.N.Y. 2007) .................................................. 8

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................................. 4, 5, 6, 9

Rule 12(b)(6) ................................................................................................................................... 2

Rule 12(b)(6) ................................................................................................................................. 12

## PRELIMINARY STATEMENT

Defendants John Degnan, William Banks and the Village of Brewster, through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking the dismissal of plaintiff's complaint in its entirety as against them.

Even though at this early stage the pleading requirements are minimal, the facts as alleged in the complaint clearly demonstrate that no relief could be granted to plaintiff as a matter of law.

Plaintiff fails to allege the existence of a municipal policy or custom, which policy or custom was applied toward him and resulted in his termination. Thus, the complaint should be dismissed as regards the Village of Brewster. In addition, plaintiff fails to make out a *prima facie* case for retaliation under the First Amendment, which warrants dismissal of the complaint in its entirety as a matter of law. Finally, both Mayor Degnan and Trustee Banks are entitled to qualified immunity for their discretionary actions.

## STATEMENT OF FACTS

For the limited purposes of this motion, the defendants assume that all facts as alleged in the complaint, annexed to the Carrasco Declaration as Exhibit "A," are true.

Plaintiff is a former "patrol sergeant" in the Village of Brewster Police Department. (*See* Carrasco Declaration, Exhibit "A", complaint, ¶3). John Degnan is the former Mayor of the Village. (*See* complaint, ¶5). William Banks is an elected Trustee of the Village. (*See* complaint, ¶5).

In March, 2007, plaintiff failed to observe the chain-of-command and discussed directly with Mayor Degnan and Trustee Banks his concerns regarding the police department and the manner in which co-defendant Alex Mancone, the Police Chief, ran its operations. (*See* complaint, ¶6). A month later, Chief Mancone terminated plaintiff's position as a probationary police officer for insubordination. (*See* complaint, ¶¶8-11). According to plaintiff, in July, 2007, he was re-hired and promoted to the rank of detective. (*See* complaint, ¶12). Apparently, on July 12, plaintiff was once again terminated by Chief Mancone due to budget constraints. (*See* complaint, ¶13). Thereafter, this lawsuit ensued.

## POINT I

**Plaintiff fails to plead a *Monell* claim against the Village of Brewster**

As a general rule, courts must not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In this action, plaintiff brings suit pursuant to 42 U.S.C. § 1983 against the Village of Brewster, purportedly for the acts of three of its officials, former Mayor John Degnan, Trustee William Banks, and Chief of Police Alex Mancone. Plaintiff alleges that they violated his rights under the First Amendment by firing him in retaliation for comments he made about the police department. Plaintiff has not and cannot plead any facts in support of his claim and accordingly, this matter should be dismissed as against the moving defendants as a matter of law.

It is well settled that Section 1983 is not a source of substantive rights—rather, it simply provides a method of vindicating federal rights conferred by the U.S. Constitution and federal statutes. *See Baker v. McCollan*, 443 U.S. 137 (1979). In order to effectively use Section 1983 as a sword against a municipality, a plaintiff "must identify a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy that inflicts injury." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In *Monell*, the U.S. Supreme Court held that a municipality cannot be held liable based solely on the actions of one of its officials. *Id.* at 694. Municipal liability <u>only</u> attaches where the decision-maker possesses final authority to establish municipal policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)(*Monell* claim properly asserted where county sheriff entered property to serve a subpoena, thereby enforcing official policy of the district attorney).

The body of law developed following the Court's decision in *Monell* requires a plaintiff to plead and prove three elements to prevail in a Section 1983 case against a municipal defendant: (1) the existence of an official policy or custom; (2) which policy or custom was applied against the plaintiff; and (3) plaintiff's constitutional rights were violated based on the policy or custom. *See Monell*, at 678.[1]

In the instant action, plaintiff fails to meet any of the three elements required under *Monell*—he fails to plead any facts tending to show the existence of a municipal policy or custom; fails to plead any facts tending to show that the custom or policy was applied against him; and fails to plead any facts tending to show that based on the policy or custom, he was fired. Without these specific allegations, plaintiff cannot show why he is entitled to relief as a matter of law. As such, there exist no grounds upon which the Village of Brewster may be held liable for the acts of its officials.[2]

Therefore, the moving defendants respectfully request that the complaint be dismissed in its entirety as against the Village of Brewster.

---

[1] A municipal "custom" presupposes a "persistent and widespread practice that has become so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). A governmental authority thus becomes accountable for acquiescing in a "custom" only when it knowingly tolerates a pattern or practice of unconstitutional conduct. *Id.* With respect to "policy," a governmental policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governmental authority's] officers." *Id.* at 692. Identifying the policy at issue ensures "that a municipality is held liable only for those deprivations resulting from the decisions of its duly legislative body or of those officials whose acts may fairly be said to be those of the municipality." *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997).

[2] It is black-letter law that liability against the Village may not rest on the doctrine of *respondeat superior* or vicarious liability. *See City of Canton v. Harris*, 489 U.S. 378 (1989); *Batista v. Rodriguez*, 702 F.2d 393 (2d Cir. 1983).

## POINT II

## Plaintiff fails to state a claim for First Amendment retaliation

Plaintiff also seeks the imposition of liability against Mayor John Degnan and Trustee William Banks.[3] Plaintiff's allegations against them are very limited, to wit—that the Mayor and Trustee, along with Chief Mancone, fired him because he was insubordinate by failing to follow department policy of adhering to the chain-of-command. (*See* complaint, ¶7).

Plaintiff's complaint should be dismissed in its entirety as a matter of law because he cannot establish the essential elements of a *prima facie* case for First Amendment retaliation. To state a *prima facie* case of First Amendment retaliation under Section 1983, a plaintiff must plead facts tending to show that: (1) his speech was constitutionally protected; (2) he suffered an adverse employment action; and (3) the speech was the impetus or a substantial factor for the adverse action. *See Washington v. Rockland County*, 373 F.3d 310 (2d Cir. 2004); *Panse v. Eastwood*, 2007 U.S. Dist. Lexis 55080 at 9 (S.D.N.Y. 2007). Mr. Pisano is unable to meet the first and third elements, which warrants dismissal of the complaint.

With respect to the first element, plaintiff identifies his discussion with the Mayor and Trustee as the "speech" for which he was fired. (*See* complaint, ¶6). However, speech made during the course of official duties and relating to the government employer is not protected under the First Amendment. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006).

In *Garcetti*, the Supreme Court clarified that the threshold question in First Amendment public speech cases is two-fold. First, to determine whether the speech is protected, the Court must decide the capacity in which the plaintiff spoke, that is, whether he spoke as a private citizen or as a public employee. *Id.* at 418. The *Garcetti* Court held that "when public employees

---

[3] Mayor Degnan and Trustee Banks are sued in their individual capacities.

make statements pursuant to their official duties, [they] are not speaking as citizens, and the Constitution does not insulate their communications from discipline." *Id.* at 421. If the Court determines that the plaintiff spoke as a private citizen, then it must conduct the analysis set forth in *Connick v. Myers*. 461 U.S. 138, 147-48 (1983) (requiring that the speech must be assessed as a whole, based on the content, context, and the form of a given statement, when determining whether the speech addresses a matter of public concern). The inquiry into the protection status of speech is one of law, not fact, and thus properly determined by way of motion. *Id.* at 148.

Here, plaintiff spoke as a patrol sergeant. His statements concerned his official duties, to wit – his perceived problems in the department. Pursuant to *Garcetti* and its progeny, plaintiff's speech relates to official duties and hence is not protected by the First Amendment. Since Mr. Pisano's speech was not made as a private citizen, it is unnecessary to evaluate whether the plaintiff spoke on matters of public concern.

In *Mills v. City of Evansville*, 452 F.3d 646 (7th Cir. 2006), plaintiff was a police officer who disagreed with her chief's decision on how to implement policies to combat crime and she expressed that disagreement at a meeting. *Id.* at 647. The plaintiff in *Mills* claimed that as a result of her statements, she received a summary counseling, was removed from her supervisory position, and was laterally transferred. *Id.* In affirming the judgment in favor of the defendants, the Seventh Circuit held that plaintiff was speaking as a public employee pursuant to her duties because she discussed the execution of department policy with her superiors. *Id.* at 648. Accordingly, her speech was not protected.

Recently, Judge Leonard Sand of this district determined that a NYC firefighter's memorandum requesting exemption from duty as battalion chief reflected his own concerns about his ability to command the unit properly. *See Mulcahey v. Mulrenan*, 2008 U.S. Dist.

LEXIS 665, at 16 (S.D.N.Y 2008). As such, the Court determined that the battalion chief's speech was not protected because it dealt with his official duties. *See also Wesolowski v. Bockelman*, 506 F. Supp. 2d 118, 121-22 (S.D.N.Y. 2007)(no First Amendment protection for officer who reported inmate's complaint at the direction of superior).

Similarly, Judge Koeltl, also of this district, applied *Garcetti* and found that plaintiff-supervisor's complaints about an employee were made pursuant to the supervisor's official duties and as such, the speech was not entitled to First Amendment protection. *See Benvenisti v. City of New York*, 2006 U.S. Dist. LEXIS 73373 at 27 (S.D.N.Y. 2006)(finding that plaintiff's official duties as supervisor specifically included passing information up the chain-of-command); *see also Ruotolo v. City of New York*, 2006 U.S. Dist. LEXIS 49903, at 9-10 (S.D.N.Y. 2006)(report on environmental conditions in police precinct prepared by precinct's training and safety officer was part of officer's official duties, and thus could not serve as the basis for First Amendment retaliation claim); *Healy v. City of N.Y. Dep't of Sanitation*, 2006 U.S. Dist. LEXIS 86344, at 13-14 (S.D.N.Y. 2006)(creation of inventory report was part of official duties).

Here, similar to the facts in *Mills* and *Benvenisti*, plaintiff's statements were made in his role as a public employee and the contents of that speech encompassed his duties as a patrol sergeant. Thus, as his speech was delivered in his capacity as a police officer, it is not protected by the First Amendment.

As regards the third element, plaintiff has not plead that the speech was the impetus for his dismissal. Nowhere in the complaint does plaintiff allege that he was fired for the words that he spoke. On the contrary, plaintiff is very explicit in stating that the New York State Department of Labor notified him that he was terminated for insubordination, to wit—failing to follow the chain-of-command. (*See* complaint, ¶11). Plaintiff spoke directly with the Mayor and

Trustee and not the police chief, his supervisor, about plaintiff's perceived problems in the department. In so doing, plaintiff violated department protocols. Consequently, he was terminated not for what he said but, rather, for his failure to follow protocol when making the statement. Absent an allegation of facts tending to show that he was fired for the speech he communicated, plaintiff's First Amendment claim fails and the complaint should be dismissed in its entirety as a matter of law against the moving defendants.

## POINT III

### Mayor Degnan and Trustee Banks are entitled to Qualified Immunity

Notwithstanding plaintiff's failure to make out a *prima facie* case of retaliation, the Mayor and Trustee should be dismissed as they are entitled to qualified immunity and therefore, are immune from liability for damages under Section 1983. *See Skehan v. Village of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006).

The Supreme Court has long held that government officials performing discretionary functions are shielded from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In conducting a qualified immunity inquiry, a Court must first decide if the facts alleged make out a deprivation of a constitutional right. *See Skehan*, 465 F.3d at 107. If there is no constitutional deprivation, there are no grounds for relief. However, if there is a constitutional deprivation, the Court will grant qualified immunity if: (1) the legal right violated was not clearly established at the time of the defendant's

conduct; or (2) the defendant's action was objectively reasonable in light of clearly established legal rules in effect at the time. *Id.*

The moving defendants submit that based on the facts as alleged in the complaint, there is no constitutional deprivation and the inquiry should go no further. If the Court is of the opinion that plaintiff has established sufficient facts tending to show a constitutional deprivation, then the deprivation itself must be identified. For purposes of this motion, the moving defendants assume that the deprivation at issue is plaintiff's firing. Under this assumption, pursuant to the *Skehan* analysis, then the threshold question becomes: "was it objectively reasonable for the Village of Brewster Police Department to fire Mr. Pisano, a 20-year veteran of the New York City Police Department, and a probationary Village patrol sergeant for insubordination?" The answer is yes.

No rational person can question the need for law enforcement agencies to adhere to a hierarchy of command—by their very nature, police departments require discipline and obedience to the commands of superiors—that proposition simply cannot be challenged. *See Kelley v. Johnson*, 425 U.S. 238 (1976). Without proper internal order, it would be impossible for law enforcement agencies to function effectively and maintain the requisite discipline, *esprit de corps* and uniformity. *Id.* at 246; *see also Baron v. Meloni*, 556 F. Supp. 796 (W.D.N.Y. 1983)(an individual joining a police department must recognize and accept the rigors of the position).

In *Clinch v. McKenna*, 1999 U.S. App. Lexis 10785 (2d Cir. 1999), the Second Circuit affirmed the judgment of the District Court which dismissed plaintiff's complaint alleging retaliatory action for exercising his constitutional rights. *Id.* In *Clinch*, the lower Court held that the members of the Town Board were entitled to qualified immunity because the adverse disciplinary actions taken against plaintiff were objectively reasonable. The issue in *Clinch* was

whether plaintiff had purposely destroyed a series of tapes protected under a subpoena; having heard rumors that the tapes which were turned over damaged were damaged purposely, the Board initiated a disciplinary proceeding. *Id.* at 4. The Second Circuit affirmed holding that where a reasonable officer could believe that the firing did not violate the plaintiff's rights, it was entitled to qualified immunity. *Id.* at 8.

As plaintiff's firing for insubordination was objectively reasonable based on clearly established legal rules in place at the time, *see Kelley v. Johnson, supra,* both Mayor Degnan and Trustee Banks are entitled to qualified immunity and this matter should be dismissed in its entirety.

As the Mayor and Trustee are entitled to qualified immunity for their discretionary actions, the complaint should be dismissed in its entirety as a matter of law as to them.

## CONCLUSION

**WHEREFORE**, defendants John Degnan, William Banks and the Village of Brewster respectfully request that the Court grant their motion, pursuant to Rule 12(b)(6), seeking the dismissal of plaintiff's complaint in its entirety as against them, and grant such other, further and different relief as it deems appropriate.

Dated: New York, New York
     April 30, 2008

                              Respectfully submitted,

                              LEWIS BRISBOIS BISGAARD & SMITH LLP

                              By: _____
                                  Michael A. Carrasco (MC-3015)
                                  Attorneys for defendants
                                  **John Degnan, William Banks and**
                                  **The Village of Brewster**
                                  199 Water Street, Suite 2500
                                  New York, New York 10038
                                  (212) 232-1300
                                  File No.: TBD/Pisano