UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PISANO,<br><br>                    Plaintiff,<br><br>                    -against-<br><br>ALEX MANCONE, individually and in his capacity as Chief of Police of the Village of Brewster, New York, JOHN DEGNAN, individually, WILLIAM BANKS, individually, and the VILLAGE OF BREWSTER, New York,<br><br>                  Defendants. | 08-CIV. 1045 (SCR) |

**REPLY MEMORANDUM OF LAW SUBMITTED IN RESPONSE TO PLAINTIFF'S OPPOSING MEMORANDUM OF LAW AND IN FURTHER SUPPORT OF <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Lewis Brisbois Bisgaard & Smith LLP
**Attorneys for MAYOR JOHN DEGNAN, TRUSTEE WILLIAM BANKS AND THE VILLAGE OF BREWSTER**
199 Water Street, 25th Floor, New York, New York 10038
(212) 232-1300
File Number: 50027-918

Mark K. Anesh
Michael A. Carrasco
 *Of Counsel*

4848-4447-7442.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................2

ARGUMENT .................................................................................................................................2

    REPLY POINT I ................................................................................................................2

        PLAINTIFF FAILS TO ALLEGE THE EXISTENCE OF A POLICY WHICH
        CAUSED HIS TERMINATION ..........................................................................2

    REPLY POINT II ...............................................................................................................4

        PLAINTIFF'S COMPLAINT ITSELF REFUTES HIS OWN ARGUMENTS
        MADE IN OPPOSITION THAT HE WAS FIRED FOR HIS SPEECH ...............4

    REPLY POINT III ..............................................................................................................6

        CONTRARY TO PLAINTIFF'S ARGUMENT, MAYOR DEGNAN AND
        TRUSTEE BANKS ARE ENTITLED TO QUALIFIED IMMUNITY ..................6

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Benvenisti v. City of New York,*
    2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. 2006) ............................................................ 4

*Cooper v. Metropolitan Transportation Authority,*
    2006 U.S. Dist. LEXIS 47970 (S.D.N.Y. 2006) ........................................................ 2, 3

*Garcetti v. Ceballos,* 547 U.S. 410 (2006) ................................................................................ 4

*Healy v. City of N.Y. Department of Sanitation,*
    2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006) ............................................................ 4

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,*
    507 U.S. 163 (1993) ...................................................................................................... 3

*Mulcahey v. Mulrenan,*
    2008 U.S. Dist. LEXIS 665 (S.D.N.Y 2008) ................................................................ 4

*Trinidad v. City of New York,*
    2006 U.S. Dist. LEXIS 51776 (E.D.N.Y. 2006) ............................................................ 3

*Wesolowski v. Bockelman,*
    506 F. Supp. 2d 118 (S.D.N.Y. 2007) ............................................................................ 4

*Zahra v. Town of Southold,*
    48 F.3d 674 (2d Cir. 1995) ............................................................................................ 3

## FEDERAL STATUTES

Federal Rule 12(b)(6) .......................................................................................................... 2, 7

42 U.S.C. Section 1983 ...................................................................................................... 2, 3

## PRELIMINARY STATEMENT

Defendants Mayor John Degnan, Trustee William Banks and the Village of Brewster, through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, respectfully submit this Reply Memorandum of Law in response to plaintiff's memorandum of law in opposition, dated May 15, 2008, and in further support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking an Order dismissing plaintiff's complaint in its entirety as against them, and for such other, further and different relief as the Court deems just and proper.

## ARGUMENT

## REPLY POINT I

### PLAINTIFF FAILS TO ALLEGE THE EXISTENCE OF A POLICY WHICH CAUSED HIS TERMINATION

Simply stated, plaintiff's complaint fails to allege the existence of a municipal policy, custom or practice which led to a deprivation of his rights. A liberal and broad reading of the complaint provides no grounds to even remotely infer that the Village Board of Trustees established the policy which led to plaintiff's termination. Plaintiff proffers *Cooper v. Metropolitan Transportation Authority*, 2006 U.S. Dist. Lexis 47970 (S.D.N.Y. 2006), as binding authority that the complaint should not be dismissed. However, *Cooper* fails to prevent this action from being dismissed against the Village because it stands for the opposite of what plaintiff proffers it for. By failing to meet the basic rudimentary requirements in *Cooper*, plaintiff provides the necessary support for the dismissal of the complaint against the Village.

According to plaintiff's opposing papers, Judge Swain in *Cooper* held that: "a claim of municipal liability under Section 1983 is sufficient to withstand a motion to dismiss even if the

claim is based on *nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom or practice.*" *See id.* (emphasis supplied). The language in *Cooper* does not help plaintiff; to the contrary, this complaint is devoid of even a bare allegation that Mr. Pisano was fired pursuant to an official policy, custom or practice of the Village.

Likewise, plaintiff misconstrues the *Leatherman* holding. First, plaintiff ignores that portion of the holding wherein the Court reaffirmed that municipalities can only be sued under Section 1983 "where a municipal policy or custom caused the constitutional injury." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 166 (1993). Moreover, while the *Leatherman* Court declined to require a "heightened" pleading for Section 1983 claims, nowhere (as plaintiff proffers at page 10 of his opposition) does the Court state that "bare allegations" are permitted. Indeed, the Court required that a "short and plain statement" of the facts tending to show that a municipal policy or custom caused the constitutional injury. *See id.* at 168.

Bare, conclusory allegations have been explicitly rejected by this Circuit and the Courts within this Circuit. In *Trinidad v. City of New York,* 2006 U.S. Dist. Lexis 51776 (E.D.N.Y. 2006), the Court dismissed Mr. Trinidad's complaint against the City for failing to state a claim for municipal liability. In *Trinidad,* plaintiff sought to hold the City liable for an alleged false arrest. *Id.* The Court held that although a plaintiff need not show the existence of an explicitly stated rule or regulation, a plaintiff cannot prevail where there is no evidence supporting an inference that an official policy or custom caused the denial of the Constitutional right. *See Zahra v. Town of Southold,* 48 F.3d 674 (2d Cir. 1995). Judge Cogan explained in *Trinidad* that "notwithstanding plaintiff's conclusory claims of a policy or custom, he has not identified a policy or custom that *existed* at the time of the incident." *See Trinidad,* at 8.

Here, plaintiff fails to provide the Court with anything other than conclusory allegations. There are no facts pled to support an inference of the existence of any municipal policy; what such a policy was designed to do; or under what circumstances it was to take effect. Rather, plaintiff's counsel, by way of her opposing memorandum of law, opines that this Court should make assumptions about implied status, decision-making and ratification – this does not, as a matter of law, cure an otherwise defective pleading.

Therefore, since plaintiff fails to submit sufficient facts tending to show the existence of any municipal policy, custom or practice which led to his firing, the complaint should be dismissed as against the Village in its entirety.

## REPLY POINT II

### PLAINTIFF'S COMPLAINT ITSELF REFUTES HIS OWN ARGUMENTS MADE IN OPPOSITION THAT HE WAS FIRED FOR HIS SPEECH

Plaintiff's opposition misconstrues *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and its progeny, and fails to address the elements necessary to establish whether speech was constitutionally protected as a matter of law. While plaintiff goes to great lengths to convince this Court that he spoke on matters of public concern, he ignores that his speech was not made as a private citizen thereby rendering it unnecessary to evaluate whether the plaintiff spoke on matters of public concern. Indeed, plaintiff's opposition fails to respond to any of the cases cited in defendants' moving papers from courts both within and outside the Second Circuit which address public and private speech. Notably, *Mulcahey v. Mulrenan*, 2008 U.S. Dist. LEXIS 665 (S.D.N.Y 2008); *Wesolowski v. Bockelman*, 506 F. Supp. 2d 118 (S.D.N.Y. 2007); *Benvenisti v. City of New York*, 2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. 2006); and *Healy v. City of N.Y.*

*Department of Sanitation*, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006), all support the dismissal of this matter with regard to the Mayor and Trustee for failure to plead a First Amendment retaliation claim.

Moreover, there simply are no facts in the complaint tending to show that Mr. Pisano was fired based on his speech. In fact, the allegations in the complaint belie any such argument. Plaintiff's complaint alleges that the first time he was fired, the State Department of Labor denied his application for unemployment benefits based upon the fact that he was fired for insubordination and failure to follow the chain-of-command. (*See* Exhibit A, ¶11). Plaintiff then alleges that after being re-hired, was subsequently terminated, via a letter, for budgetary constraints. (*See* Exhibit A, ¶13). Plaintiff's opposing memorandum of law is devoid of anything beyond conclusory allegations as to why he was fired. In his arguments, plaintiff states that reading the complaint in the light most favorable to him, it alone, adequately pleads that his speech was a motivating factor in his termination. (*See* Opposing Memorandum of Law, page 14). But this, without more is insufficient. Therefore, the complaint should be dismissed.

This pleading failure aside, plaintiff's complaint also fails to plead facts tending to show that he was fired for the words he spoke, rather than the manner in which he presented them. The complaint itself alleges that Mr. Pisano was dismissed for failing to follow the chain-of-command, that is, failing to bring his concerns to Chief Mancone, prior to discussing those concerns with the Mayor as Police Commissioner. (*See* Exhibit A, ¶11). Plaintiff presents no allegations or facts which tend to show that he was fired because he spoke negatively about the Chief. Accordingly, plaintiff fails to satisfy the third element to establish a *prima facie* case of First Amendment retaliation and, as such, the complaint should be dismissed.

4848-4447-7442.1                                5

## REPLY POINT III

## CONTRARY TO PLAINTIFF'S ARGUMENT, MAYOR DEGNAN AND TRUSTEE BANKS ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's arguments in opposition to the defendants' motion are inconsistent with the plain reading of the allegations in his complaint. While plaintiff argues that Mayor Degnan and Trustee Banks are not entitled to qualified immunity because reading the allegations in the light most favorable to plaintiff *must* result in a conclusion that no reasonable official would have acted as they did, his complaint clearly delineates the reasonableness of the defendants' actions. Thus, the grounds upon which the motion to dismiss was made should be granted.

As discussed in both Point I in the defendants' moving papers, and Reply Point I, *supra*, plaintiff's complaint is devoid of any allegation that a municipal policy or custom existed; what the policy or custom was; or how it worked to undermine his employment. In sum, the complaint fails to proffer sufficient facts tending to show that plaintiff was fired for speaking ill of the Chief of Police.

Thus, viewing the complaint in the manner in which plaintiff presented the allegations, plaintiff was terminated for failing to follow the chain-of-command. It is objectively reasonable for a police department to terminate an officer, whether probationary or permanent, for failing to follow the chain-of-command and being insubordinate. Therefore, Mayor Degnan and Trustee Banks are entitled to qualified immunity for their alleged role in plaintiff's termination. This warrants the dismissal of the action at this early stage.

## CONCLUSION

**WHEREFORE**, Defendants John Degnan, William Banks and the Village of Brewster respectfully request that the Court grant their motion, pursuant to Rule 12(b)(6), seeking dismissal of plaintiff's complaint in its entirety as against them, and grant such other, further and different relief as it deems appropriate.

Dated: New York, New York
June 5, 2008

> Respectfully submitted,
>
> LEWIS BRISBOIS BISGAARD & SMITH LLP
>
> By: _____
> Michael A. Carrasco, Esq. (MC-3015)
> Attorneys for Defendants
> **MAYOR JOHN DEGNAN, TRUSTEE WILLIAM BANKS, AND THE VILLAGE OF BREWSTER**
> 199 Water Street, Suite 2500
> New York, New York 10038
> (212) 232-1341
> File No.: 50027-918

TO:

Ms. Jane Bilus Gould, Esq.
Lovett & Gould, LLP
Attorneys for Plaintiff
**MICHAEL PISANO**
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

Mr. Stuart A. Kahan, Esq.
Oxman Tulis Kirkpatrick Whyatt & Geiger LLP
Attorneys for Co-Defendant
**ALEX MANCONE, CHIEF OF POLICE**
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900